### THOMAS T. FISHER *vs.* SIDNEY BIDWELL.

The act of 1849 with regard to usury, provides that usurious contracts shall not, as under the then existing law, *be utterly void*, but *shall be void as to the whole interest reserved or taken,* and that in any action brought on such a contract, all interest paid shall be applied on the principal of the debt *and judgment rendered for such a sum that the plaintiff shall have in the whole the amount originally lent only, without interest.* In an action brought on a promissory note, payable in thirty days from date, which the plaintiff had discounted for the defendant, the maker, at usurious interest, to which action usury was pleaded—it was held, that when the note fell due, while the defendant had the right under the statute to deduct from the principal the amount of the interest taken and pay the balance in discharge of his obligation, yet that it was equally his legal duty then to have made such payment—that the note was invalidated only as to the interest taken, and was, as to the principal remaining after such deduction, a legal contract which the defendant was bound to perform—and that, in assumpsit for the non-performance, the plaintiff was entitled to recover the usual damages, viz., the principal sum due, and six per cent. interest thereon from the time the note fell due. (Sanford, J. dissenting.)

The sum thus added to the principal in making up the damages, is recovered only as damages for the detention of the money, and not as interest, and the legal rate of interest is adopted only as a convenient and uniform rule for determining the amount of the damage resulting from such detention of the money.

ASSUMPSIT on a promissory note, of which the defendant was maker. The suit was brought on the 23d of November, 1853.

The note was dated October 13, 1853, and was for the payment of $800 at the Bank of Hartford County in thirty days from date. The case was tried on the general issue, closed to the court, with notice of the defense of usury. Upon the trial it appeared that the note was taken by the plaintiff for a loan made by him to the defendant, of $800, for thirty days, upon ten per cent. interest, which was deducted at the time of the loan. It also appeared that several payments had been made on the note.

The plaintiff did not claim to recover any part of the interest which accrued up to the time when the note became due, but did claim that, under the statute of 1849 with regard to usury, only the interest thus usuriously reserved was affected, and that, as the principal of the loan was due at the end of the thirty days and grace, and should then have been paid, the defendant was liable upon the breach of his contract to pay the plaintiff his damages, which he claimed to be the principal debt and the value of the use of the money while so detained by the defendant, which was fixed by custom at six per cent. per annum. The defendant denied that such was the proper construction and effect of the statute, and insisted that the plaintiff should not only lose the interest so received by him, for the thirty days and grace, but that he should not recover, by way of damages, any more than the principal sum loaned.*

The court decided in favor of the plaintiff's claim, and

---

* The third section of the act of 1849, with regard to usury, is as follows:

" Contracts hereafter made, by which there shall be reserved or taken more than at the rate of six dollars for the hundred, in violation of the first section of the act to which this is an addition, shall not be utterly void; but such contracts shall be void as to the whole sum and amount reserved or taken for forbearance; and whenever a contract shall be made in violation of said first section, and an action shall be brought on such a contract, or any renewal thereof, if money or other property for forbearance has been actually paid on the contract, the value thereof shall be deducted from the debt, and judgment rendered for such a sum as that the plaintiff shall have in the whole the amount originally lent only, without interest."

By the statute in force previous to the passage of the above act, usurious contracts were utterly void.

damages were computed accordingly in rendering judgment. The facts were specially found by the court and placed upon the record, and the defendant brought the case before this court by motion in error.

*Welles* and *Strong*, for the plaintiff in error.

The question in this case arises wholly on the construction of the third section of the act of 1849 as to usury. That statute is express in its terms, that "judgment shall be rendered for such a sum as that the plaintiff shall have in the whole the amount originally lent only, without interest." There is no ambiguity in this language. The intention of the legislature on the subject could not be more clearly expressed. In construing a statute no part of it is to be disregarded, and especially no part which expresses in so positive terms a distinct intention of the legislature. Whatever doubt there may possibly be as to the meaning of any other part of the statute, yet there can be no doubt that the legislature intended that the judgment should be for the principal sum only, without interest.

But it was claimed in the court below that the interest, after the note fell due, was not properly interest but damages, and the court held that the interest could be recovered as damages. But this is a mere evasion of the statute. The interest is still interest, though allowed as damages. In *Jones* v. *Mallory*, 22 Conn., 386, it is held that interest is allowed as damages on the breach of a contract, but the court treats it as still interest, though allowed for that purpose. Besides, the statute equally forbids the recovery of damages, in directing that the judgment shall be for the *principal sum only*. And it can not be supposed that the legislature had in view the very nice and technical distinction between interest and damages, and in directing that the judgment should be for the principal sum only, "without interest," intended still to allow exactly the same thing under the name of damages. Besides, all our judgments in assumpsit are for damages. In every case in which a note is sued upon in that form of action, the recovery is not of a debt and interest, but

wholly of damages, so that the legislature must, upon the construction claimed on the other side, have been passing an act that would have no practical application whatever as a *statute against usury.* Under the old law there might be in certain cases a recovery of the principal without interest, and it was held in *Sheldon* v. *Steere,* 5 Conn., 181; that under that act no interest in any form could be recovered. The present act is stronger in its terms.

The act should be construed in connection with the old statute on the subject of usury. It is, in its title, an act in addition to that act, and the whole is therefore to be taken together in determining the intention of a part. The old statute made the usurious contract absolutely void, and allowed no recovery at all upon it. The new act provides that the contract "shall not be utterly void," but that the plaintiff may recover "the amount originally lent only, without interest." It is clear that the new act intended to change the law only to that precise extent.

Under the construction claimed on the other side, it will be very easy to take usurious interest without risk, since a note can be made payable, like the present one, in thirty days, or in a week, and then, in any event, the lender is to have his six per cent. from the time it is due, so that all the risk that he will run will be as to the interest for the few days that the note has to run. The legislature can not have intended to make a law, which they call a law against usury, that would admit of such easy evasion.

The plaintiff has sued only on the note itself. His declaration does not contain the common counts. If he relies upon our legal obligation to pay the money in our hands, and claims ordinary damages for its detention, he should have sued in an action for money had and received, and not on the note itself.

*Hooker,* for the defendant in error.

1. Before examining the statute in detail, let us look at some general considerations bearing upon its construction. 1st. The first paragraph of the section in question provides

that usurious contracts shall not, as under the old law, be utterly void, but that they shall be void as to the whole amount reserved or taken for interest. The last paragraph directs as to what judgment shall be rendered in an action brought on such a contract. Now the first paragraph expresses the *object* of the legislature, the last provides *the mode of carrying out that object.* We are to look at the first paragraph almost exclusively for the *intent* of the law. If the two are inconsistent, clearly the first should prevail— the mere mode of carrying out the intent being wholly subordinate to the intent itself. 2d. The statute is a highly penal one, and therefore to be strictly construed, so far as it bears against the plaintiff. 3d. So far as it bears in his favor, it is a remedial statute and to be liberally construed for his benefit. The old statute was the evil that was to be remedied by the new one, and for this purpose it is to be regarded as a remedial statute, and so construed as to extend rather than restrict the remedy. 4th. A mere literal construction should never be given to a statute, where it would differ from an intelligent construction of it. *Leges, non ex verbis, sed ex mente, intelligendæ.* "The sages of the law have construed statutes quite contrary to the letter; they have ever been guided by the intent of the legislature, which they have always taken according to the necessity of the matter, and according to that which is consonant to reason and good discretion." *Stradling* v. *Morgan,* Plowd., 204. *Hawkins* v. *Gathercole,* 31 Eng. L. & Eq., 205. *Crofts* v. *Middleton,* 35 id., 466.

2. We claim that the act of 1849 intends to invalidate only so much of the usurious contract *as pertains to the interest reserved or taken;* and that where, on a note falling due and being unpaid, the law, and not the contract, gives interest from the breach of the contract, (or damages in the form of interest,) such interest was not intended. 1st. This punishes the exact violation of the law. The punishment and the offense must have been intended to fit each other. 2d. The first section of the same act, which provides for a penalty to be recovered in a *qui tam* action in cases of usury,

confines the forfeiture to the *interest illegally taken;* so that if the lender should take ten per cent. the first year, and the second year should abandon his usurious intention and take only six per cent., only the interest taken the first year would be *recovered—showing that the act intends* to apply only to illegal interest, not to legal interest that may succeed to it and be paid on the same note. 3d. The language used in the section in question, in relation to the usurious contract, clearly implies that it is to be held void only as to the usurious interest. It provides that usurious contracts shall not thereafter " be utterly void, but *shall be void as to the whole sum and amount reserved or taken for forbearance.*" Such language in any statute, and under any rule of construction, would be held to imply, as clearly as if it was expressed, that the contract should be void only so far. Especially in a severe penal statute would it be held to express the whole limit of the penalty. 4th. But it is said that the later clause of the third section which directs as to the judgment to be rendered, provides in express terms that the judgment shall be for *the principal sum only, without interest,* and that effect must be given to this part of the statute. We say in reply, that if there is, as on the construction claimed there is, a *direct* inconsistency between this clause and the prior one, then, as we have before suggested, the prior one is to prevail, as expressing *the object of the law,* while the later one, employed only for the subordinate purpose of providing a mode of carrying out that object, is to yield. But we say that the later clause can receive such a construction as will harmonize it with the other parts of the act, and give it a reasonable effect. We have only to suppose that by the term "*without interest,*" the legislature meant *without the said interest,* or without the interest just declared invalid, or without the interest reserved. If it be said that this construction does violence to the language, we reply that the other does far more violence to the intent, and it is better to sacrifice language to intent than intent to language. Besides, any other construction would make the law an instrument of monstrous injustice. A note, not usurious, may have run for many years,

and legal interest have been regularly paid on it, but at last, in a single instance, the lender takes seven per cent. for one year.   If he afterwards sues on the note, all the legal interest ever paid would have to be deducted from the principal and judgment rendered only for what is left of the latter, since no other judgment would satisfy the literal requirement of the statute.   So it would be in the case of a note on which usurious interest was taken for the first year, and on which only legal interest had been demanded or paid in succeeding years. The legislature can not be supposed to have intended such injustice, and that too in an act which was intended to remedy the injustice and harshness of the old law.   The distinction which we here claim, between the legal and the illegal interest on the same contract, was involved in the case of *Kelsey* v. *Burgis,* 24  Conn., 446, 452, though not specially remarked upon by the court.   Again, the construction contended for on the other side gives the statute a very unequal operation in another respect.   By the statute, where interest has been actually paid, it is to be applied on the principal, while where it has not been paid it is simply not recoverable.   If the judgment is to be absolutely without interest, then the lender who has never received any interest loses it absolutely, while the lender who has collected his interest, not being compelled to pay interest on these payments, gets the benefit of the use of the money thus received.   The law would thus be made to discriminate in favor of the more grasping creditor who had compelled the borrower to pay the interest, and against the more lenient one who had simply taken his promise to pay it.

3. But the interest which we claim to be entitled to after the note fell due, was not properly *interest,* but *damages.* We are suing, not to enforce a contract, but to recover damages for the breach of it; and interest allowed in such a case is always allowed as damages.   Chitty on Bills, 662.   Byles on Bills, 226.   The interest, after the note fell due, was not given by the contract, but by the law.   It had therefore no connection with the usurious contract as such.   Under the

act of 1849, when the note fell due the defendant had the right to pay us the amount, deducting the thirty days interest previously taken by us—say $790, instead of $800. But this sum he was bound to pay us. It was our money in his pocket, and he had no right to keep it. He however refused to pay it, and compelled us to sue him, and now, after the case has been in court four years, he claims that he is to allow us nothing for the detention of the money during all that time. Why, on this clear breach of duty, should he not pay us ordinary damages? The contract was a legal one so far as the principal was concerned, and why may we not enforce that legal contract in the ordinary way and with the ordinary results.

4. As to the claim that our construction furnishes an easy mode of evading the statute, inasmuch as parties making usurious loans can have the notes drawn for a short time while intending a much longer one, we would say, that in all cases the inquiry is what was the real agreement and intention of the parties. Usury is generally covered up under some legal form, and our courts are always able, especially since the lender can be compelled to disclose, and the borrower, who must always know the real fact, can testify, to get at the truth, in whatever disguise it may be concealed.

STORRS, C. J. The only question presented in this case is, whether in an action for the amount of a sum of money loaned for a particular time on a contract for usurious interest, the plaintiff is by our law entitled as damages to interest computed according to the legal rate on such sum from the time when the credit for the loan expired to the rendition of the judgment. It is plain that, independently of any bearing of our statute of usury on this question, the plaintiff would not be entitled to interest *as interest* after the non-payment of such loan, either in that or any other case for money loaned on a credit, whether the loan was or was not accompanied with an agreement for usurious interest, because interest as such can never be recovered excepting by virtue of a contract, express or implied, to pay it, and where there is such a con-

tract it would, if a valid one, be broken when the interest becomes due and is unpaid, and by the terms of the contract interest would be recoverable as such only to the time of such breach, since the terms of the contract itself would not oblige the borrower to pay interest after that time. Yet in such a case, if the money was not paid when it became due by the terms of the contract, damages would be recoverable by the lender for the injury to him consequent on its detention after the time when it was agreed to be paid, and such damages would be estimated according to the established legal rate of interest. Such damages however would be recoverable, in addition to the amount due on the contract by its terms, as damages for such detention only, and not as interest, and the legal rate of interest would be adopted only as a general, convenient and uniform rule for determining the amount of such damages—a rule arbitrary indeed, but established.on the idea that the creditor might, and the presumption that he would, have made the money due to him, if he had received it when due, profitable to the extent of the legal rate of interest, and preferable to an inquiry in each case, if indeed such inquiry would be practicable, as to the exact amount of loss sustained by him by the non-payment of the money. The usual form of expression, in speaking of the damages to which a plaintiff is entitled beyond the amount due to him by the terms of the contract on which the suit is brought, or beyond the value of the property, for instance in an action of trover or trespass, of which he has been deprived, is, that he is entitled to interest from the breach of the contract or on the value of such property from the time when he was unlawfully deprived of it; and indeed this language is often, if not generally, adopted even in charges to the jury in these cases, but it is well understood that the idea intended to be communicated is only that the plaintiff is entitled to damages for the detention of the money or property, and that the amount of the legal rate of interest is to be adopted only as the mode of ascertaining what should be added to the amount due or the value of the property as and for damages sustained by the plaintiff, and which idea

would be more fully, exactly and correctly communicated by the latter form of expression. As therefore the legal rate of interest only furnishes a rule for determining the damages sustained by the plaintiff in the cases which have been mentioned but has nothing to do with the determination of the question whether or not the plaintiff is entitled to damages for being deprived of his debt, which depends on a principle other than that on which, by the conventional agreement of the parties, interest is to be allowed on a debt, the term *interest* may, and should for the sake of precision, be dropped in the statement of the point before us, and the question is then resolved into the simple inquiry whether the plaintiff, in an action to recover the amount of money lent, is entitled to damages for its detention by the borrower after it became due by the terms of the contract of loan.

There is no doubt that, considering this question independently of our usury laws, and as one to be determined by the common law as administered in our courts, the lender would be entitled in such a case to recover, not only the principal sum lent, but the interest thereon, according to the rate agreed on between him and the borrower, to the time when it became due by the terms of the contract, whatever the rate of such interest should be, subject only to the inference derivable therefrom in regard to the fairness of the transaction, and also damages for the detention of the debt from that time to the rendition of the judgment. By the common law there is no limit to the compensation for the use of money which may be agreed on between the parties to a loan. Contracts on that subject are equally valid and are governed by the same rules as those for the use of any other article. It is only by statute that such contracts are invalidated on account of the amount of interest agreed to be paid. It is obvious that, according to this undisputed principle, the lender of money would be, and consequently the plaintiff below in this case was, entitled to recover the amount of his loan and the interest promised to be paid on it irrespective of the rate of interest agreed on, and also damages for its detention, unless he is deprived of the right to recover such interest or

damages by the terms of our statutes of usury. For it is hardly necessary to say that the principles of the common law remain in full force excepting so far as they are abrogated or altered by those statutes; and we are thus brought to an examination of them so far as they apply to the point now before us.

By the first section of our statute on that subject, as it existed for many years prior to the amendment of it in 1849, it was provided that " no person upon any contract for the loan of money * * * * or any property whatever, [should] take directly or indirectly more than the value of six dollars for the forbearance of one hundred dollars for a year, and after that rate for a greater or less sum or for a longer or shorter time," and that " all such contracts by which there [should] be reserved or taken more than the rate of six dollars for the hundred [should] be utterly void." And it was provided in the second section that every person who should take by means of any such loan more than at the rate of six dollars for the forbearance of a hundred dollars, should forfeit the value of the money or other property so loaned. By an act passed in addition to this act in 1849, and prior to the making of the contract on which the judgment now brought before us for review was rendered, the second section of the original act providing for such forfeiture was repealed, and it was enacted that the person who would by that act have forfeited the value of the money or other property loaned, should thereafter forfeit only the value of the money or other property taken for forbearance. And it was also by the third section of the same act further provided that " contracts thereafter made by which there should be reserved or taken more than at the rate of six dollars for the hundred in violation of the first section of the act to which [it] is an addition shall not be utterly void, but [that] such contract shall be void as to the whole sum and amount reserved or taken for forbearance; and [that] whenever a contract shall be made in violation of said first section, and an action shall be brought on such contract or any renewal thereof, if money or other property for forbearance has been actually paid on the contract, the

value thereof shall be deducted from the debt, and judgment rendered for such a sum as that the plaintiff shall have in the whole the amount originally lent only without interest." Hence it appears that the provision in the original act making usurious contracts utterly void, was repealed by the act of 1849, and that by the latter such contracts were invalidated only so far as to render void that part thereof by which the interest was reserved. The effect of the latter act was to restore the contract as to the principal sum loaned to the operation of the common law, by which such contract to that extent and indeed throughout would be unquestionably valid, and to invalidate only the stipulation in it respecting interest. It therefore left the contract perfectly valid as to the promise to pay the principal, and by making it void as to the interest, it struck that part of it out of existence, and the contract would remain as if the promise to pay the interest had never been made. The effect would therefore be that the principal sum loaned would become due and payable at the time stipulated in the contract without any interest; for such would be its very terms after expunging what the act had declared to be void. If the act of 1849 had stopped with the provision rendering void the contract only so far as it related to the interest, and had not added the provision declaring the effect, and application to the principal sum loaned, of payments made on the contract, it would be quite clear that, in the case of an usurious contract, or where payments had been made and received expressly to apply upon the principal only, the lender would be entitled to recover, in an action on it, the principal, and damages for its detention computed at the lawful rate of interest from the time when such principal was due by the terms of the contract, by the same rule and in the same manner as if the amount of the principal were due at that time by virtue of any other contract which should be perfectly lawful; for the contract as to the principal is rendered by the act not less lawful than if it were made respecting any other subject than the loan of money. We come then to the case before us, where payments were made on an usurious contract, and are

Fisher *v.* Bidwell.

brought to inquire as to the effect which such payments should have upon the question whether the lender has a right to recover damages for the detention of the balance due on the principal after deducting and applying on it the amount of such payments. And here it is insisted that, although if there had been nothing paid on the principal such damages would be recoverable, yet that when such payments have been made they are not only to be applied to the reduction of the principal, but for the non-payment of the balance no damages are recoverable. We do not think that damages are less recoverable under the act in question for the balance due on an usurious contract after deducting payments made thereon, than they would be on the principal if no such payments had been made ; and we can not think that it was the intention of the act to discriminate in this respect between these two cases. We think that the object of the provision that payments on an usurious contract should be deducted from the amount lent was only intended to carry out and effectuate the previous provision making void the contract respecting interest, by depriving the lender of the benefit of any of the interest promised by the borrower or any payments thereon, and to give the latter the benefit of such payments towards the reduction of the principal " debt;" which would leave after such deduction the balance of such debt due upon a lawful contract, and for the non-payment of which justice and equity would require that the damages sustained by the lender should be recovered by him as upon any other lawful contract. Whatever might be our own opinions as to the policy of sustaining either wholly or partially usurious contracts, it is not for us to go further in invalidating them than the legislature has seen fit to prescribe ; and we see no ground to conclude that in regard to a right of the plaintiff to damages for the refusal to pay money due on a contract which they have not made unlawful and which the common law pronounces to be lawful, they intended to distinguish between those and any other lawful contracts.

But it is claimed that the provision of the statute directing

the application of payments made on an usurious contract in an action brought upon it, by prescribing that judgment shall be rendered for such a sum as that the plaintiff shall have in the whole the amount originally lent only, without interest, excludes by its terms any further recovery for damages for the detention of the debt. It is to be observed that this is not a distinct and independent provision by itself, but that it is a continuation only, and therefore a part of the previous provision declaring that such usurious contracts shall not be utterly void, but void only as to the sum and amount reserved or taken for forbearance; and it was obviously added to that provision, and in immediate connection with it, for the sole purpose of most effectually carrying it out, and preventing the recovery of any of the interest reserved in the contract, and insuring an application of any payment on account of such interest to the reduction of the original debt or sum loaned. It plainly had no reference to the damages which the plaintiff might have sustained from the detention of the amount really, and by the terms of the act legally, due on the original loan, and which damages the plaintiff in such cases is entitled to, not by virtue of the terms of his contract, but on the just and common principle of indemnifying a party for his injury consequent upon the breach of a contract; but it referred only to the interest reserved on an usurious contract by its terms, as indeed all interest properly so called must be, since interest as such is never recoverable excepting by virtue of a contract express or implied between the parties. It therefore speaks of the contract only so far as it provides for the payment of interest and makes it in that particular respect void—of an action brought on the contract of which the stipulation for the payment of such interest is a part—of a payment made on such contract for such interest—and then provides that such payment shall be deducted from the " debt," by which is plainly meant the sum originally lent, and that the judgment shall be rendered for such a sum, as that the plaintiff shall have in the whole the amount originally lent only, without interest. Considering that the object of this provision was to prevent the retention by the

lender of such payment, by way of interest, although it may have been paid and received as such, by requiring it to be applied as a payment on the sum originally lent, it is apparent that, by directing such payment to be deducted from the principal, it was designed only to prescribe the amount which should be deemed and adjudged to be due *upon and by virtue of the contract between the parties,* and that such amount should not be allowed to exceed the sum originally lent without the addition of any interest. It would manifestly thwart the intention of the legislature in declaring that part of the contract void which related to interest, if payments made upon it could be retained by the lender to apply on such interest, and there was no mode by which this could be so effectually prevented as by making such payments applicable to the principal sum loaned. They meant to treat the contract as if there were no stipulation to pay interest, in which case payments upon it would of course apply on the principal. By thus considering the provision in question as furnishing a rule only for computing the amount due on the " debt," as it is termed—that is, the sum originally lent—we carry into effect the object of the legislature in validating an usurious contract so far as it respects the repayment of the sum lent, and invalidating it as to the interest, and place the lender, in regard to the former, on the same footing as other parties having a legal claim which has been unlawfully withheld, by awarding to him damages for such detention ; and we avoid the palpable and strange inconsistency which would arise from the construction claimed by the plaintiff in error, by which such damages would be refused altogether where payments had been made on the contract, and allowed only where there had been none.

We are confirmed in our view of the provision we have considered, and on which the question in this case must depend, by the decision of the supreme court of Massachusetts, in *Parker* v. *Bigelow,* (14 Pick., 436.) That was an action brought upon a contract for a loan of money on which an unlawful rate of interest had been reserved, and it was provided by the statute there in question, that in such an action

" the plaintiff shall forfeit three-fold the amount of the whole interest reserved or taken, and shall have judgment and execution for the balance only which may remain due upon said contract * * * after deducting three-fold the amount of said interest;" and it was held, notwithstanding this provision as to the amount for which the plaintiff should have judgment in such cases, which is as explicit and peremptory in its terms as the statute we have been considering, that the plaintiff was entitled to recover, by way of damages, interest on the balance remaining after the deduction mentioned in the statute, from the time when such balance was ascertained.

There is therefore no error in the judgment complained of.

In this opinion Hinman and Seymour, Js., concurred. Sanford, J., dissented. Ellsworth, J., having tried the case in the court below did not sit.

SANFORD, J. I can not concur with the majority of the court in the opinion delivered by the Chief Justice. It seems to me to do violence to the manifest intention of the legislature as expressed in the statutes before us.

The act of 1849 does not profess to abrogate the old law in restraint of usury. It only mitigates the penalty, and so far, modifies the consequences of usurious contracts, and defines the limits of the modification which it intends to make. Like all our legislation on the subject, that act was made for the protection of the borrowers against the supposed exactions of the lenders. This great object of the legislature, it seems to me, the opinion of the court substantially defeats.

A lender will now have only to make his usurious note payable one day after date, to protect his loan against all hazards except the trifling loss of one day's interest. If the note is not paid when due the contract is broken, and, upon the construction adopted by the court, the lender is entitled to judgment for his whole principal, and, (no " interest " indeed, but) " damages " calculated at the rate of six per cent. per annum from the time the note fell due up to the judgment.

Thus the statute, which in express terms prohibits usury, is practically abrogated, because it is left without any substantial and effective penal sanction. Had the legislature intended such a consequence, it would have repealed the old prohibitory section in express terms, instead of thus attempting merely to modify and mitigate its penalties.

I can not attribute to the General Assembly an intention, while in express terms prohibiting the allowance of "interest," to authorize the allowance of exactly the same amount of money under another name. The distinction between the allowance of interest at the rate of six per cent. per annum, and the allowance of damages amounting to exactly the same sum and calculated by the same rule, probably occurred to the mind of no one member of the legislature while the act was under consideration or on its passage. To all but lawyers that distinction must seem to be without a difference. The entire statute is conversant about interest, as a compensation for the use of money or other property loaned, and the idea of damages for a breach of contract is no where suggested in it. Indeed the distinction alluded to, which has a technical existence in our books, is seldom recognized by the judges in our courts. Thus, in every action of trover, the jury are instructed to allow interest upon the value of the property from the time of the conversion, not damages for the detention of that value. So, in an action on a contract for the payment of money on a day specified, nothing being said about interest in the contract, the jury are always directed to allow interest from the time the money was payable or the contract broken, not damages for the breach. In our elementary books too, as well as in our courts, the distinction is generally disregarded and unnoticed. Thus Judge Swift in his Digest (vol. 1, p. 714,) says:— " Interest is allowed on the ground of some contract express or implied to pay it, or *as damages* for the breach of some contract or the violation of some duty." That is, the law gives interest as and for damages to which the party is entitled on account of such breach or violation. Again, (same page,) " where money is obtained by fraud or deceit, and the

party, waiving the tort, brings his action on the implied promise, *interest* will be allowed *by way of damages.*" Speaking with the technical precision applied to the act before us, the author in the first quoted sentence should have said, " Interest is allowed only on the ground of some contract express or implied to pay it, though the same amount of money, calculated by the same rule as interest, is allowed for the breach of a contract or the violation of a duty under the *name* of damages." And in the sentence last quoted the author should have said, " where money is obtained by fraud," &c., not, that " interest will be allowed," but that " *damages* will be increased at the same rate as interest would accrue."

It was very properly conceded in the argument that some, though it was said very little, violence must be done to the last clause of the third section of the act of 1849 by the construction adopted by the court, but it was said that the last clause is irreconcilable with the first, and, being the least important of the two, must be disregarded or overborne. I think the two clauses are not irreconcilable, but, if they are, that the last is more important than the first, because it is indispensable to the efficient operation of the law and the accomplishment of the leading object of the legislature, " to restrain the taking of excessive usury." But the two clauses as they stand are not irreconcilable. They are made so only by construction—by what seems to me an unwarrantable interpolation into the first of them of the sense of a word which the act itself does not contain, and without which the two clauses are in harmony with each other.

The old statute made all usurious contracts utterly void, so that neither principal nor interest could be recovered upon them. It was the purpose of the new statute not to make them valid, but only to modify the operation of the old one—to declare how far such contracts should be void, not how far they should be valid. Hence the new statute does not in terms repeal the old one, nor does it say that such contracts shall be *valid* except *only* as to the interest reserved or taken by them, nor does it say that such contracts shall be

void as to the whole sum or amount reserved or taken for interest *only*. No negative or restrictive word is used in the act in this connection, but the sense and effect of one is here interpolated by the construction adopted by the court.

A two-fold purpose was to be accomplished by the act—to modify the operation of the existing act without repealing it—and to prescribe a rule of damages for the non-performance of usurious contracts. The first it effected by the enactment, in substance, that the contract should not bind the borrower to the future payment of any interest, nor justify the retention by the lender of that already paid; and the second, by providing that, when such contract shall be put in suit, all payments of interest shall be treated as payments toward the principal, and deducted from the principal accordingly, and judgment be given for the balance only, so that the lender shall get no interest on his loan, but only the amount originally lent, in all. As if the act had said, when the lender contracts for more than six per cent. interest, he shall recover nothing for the use or forbearance of his money, and whatever payments have been made him, either as principal or as interest, shall be deducted from the principal, and he shall have judgment only for the balance of his principal after such deductions.

This seems to me the true sense and import of the statute.

Judgment affirmed.