## JEWELL *a.* WRIGHT.

*Supreme Court, Eighth District ; General Term, February,* 1861.

### LAW OF PLACE.—CONFLICT OF LAWS.—USURY.

A note was made by one party and indorsed by another, for the benefit of a third party. It was made, dated, and payable within this State, and taken by the indorsee into the State of Connecticut, where it was first negotiated by him at a rate of discount which, by the law of this State, would render the note void, but which, by the law of Connecticut, made it void only as to the interest reserved.

*Held*, that the contract was to be judged by the law of the State of Connecticut, and the holder might recover thereon in the courts of this State, except as to the interest.

Motion for judgment upon verdict, subject to opinion of the court at general term upon a case.

The action was brought upon a note made and dated at Lockport, in this State, May 30, 1857, for $400, and payable one year after date to the order of defendant, Wm. J. Dunlap, at Niagara County Bank (also in this State). The note was made by Wright, and indorsed by Dunlap for the accommodation of

the other defendant, Virgil C. Taylor, and to enable him to raise money upon it. Taylor indorsed the note, took it to Hartford, in the State of Connecticut, and there induced the plaintiff, who resided at Hartford, to guarantee the payment of the note for the benefit and accommodation of Taylor; and Taylor then sold and delivered the note to one Albert Day, at a discount of twelve per cent., receiving therefor only $352. This was the first negotiation of the note. All that occurred in Hartford was without the knowledge or consent of the defendants Wright and Dunlap.

The court directed a verdict for the plaintiff for $401.66, this being the amount of the sum $352 originally paid by Day for the note, and the interest at six per cent. on such sum from the time the note became due, and protest-fees, seventy-five cents, making the verdict $401.66, subject to the opinion of the court at general term on a case to be made by the plaintiff.

*James S. Gibbs*, for plaintiff, cited *Story's Con. of Laws*, §§ 237, 261, 263, 298 ; 7 *Paige*, 616 ; 6 *Ib.*, 627, 634 ; 10 *Wheaton*, 159 ; *Rev. Stat. of Conn.*, 1849, 618 ; 27 *Conn.*, 363 ; 29 *Barb.*, 325.

*Geo. W. Cothran*, for defendants, cited, *Story's Con. of Laws*, §§ 317, 320, 332, 340, 242, 282, 653, 654 ; Curtis *a.* Leavitt, 15 *N. Y.*, 227 ; *Edwards on Bills*, 180, 182 ; Andrews *a.* Pond, 13 *Pet.*, 65 ; Hyde *a.* Goodenow, 3 *Comst.*, 266 ; 2 *Kent's Com.*, 460, note *a* ; 1 *Cow.*, 108 ; 2 *Burr.*, 1077 ; 4 *Cow.*, 510 ; 17 *Johns.*, 518. He commented upon City Savings' Bank *a.* Bidwell (29 *Barb.*, 325), and argued that it could not be sustained upon principle or authority.

BY THE COURT.*—MARVIN, P. J.—At the circuit the plaintiff's counsel denied that the contract for the loan of the money was not void by the laws of Connecticut, and produced in evidence the statutes of that State, revised in 1849, 618, 619, by which it appeared, from the first section, that all contracts for the loan of money, &c., whereby more than six per cent. was reserved or taken, were void. The second section gives a *qui*

---

* Present, MARVIN, P. J., GROVER and DAVIS, JJ.

*tam* action. And the third section authorizes a defendant to file his complaint for discovery, &c., &c., and if the court found the contract was upon a usurious consideration, the plaintiff was to recover no more than the money received by the defendant, without interest. The counsel then produced and read Fisher *a*. Bidewell (27 *Conn.*, 363), decided in 1858, by which it was held that under the act of 1849, section 3, usurious contracts were not utterly void, but were only void as to the interest reserved or taken, and that a defendant might defend to this extent, and no further. The case was produced as a case in which the Supreme Court of Connecticut had given construction to section 3 as above noted, and as I could not then comprehend how such construction could be given, and as the decision seemed clear and full that such contract was not utterly void, and the defendant could, in the action against him, defend as to the interest reserved or paid, I was greatly puzzled, and remarked that there must be some other statute, and some explanations, and I directed the verdict in accordance with what seemed to be the law, as decided in Fisher *a*. Bidewell, subject to the opinion of the general term, giving a further opportunity for examination with a view of clearing up the difficulty. The counsel for the plaintiff now produces the statutes of Connecticut, as revised in 1854, from which it appears that an act was passed in 1849, in addition to the statute as it is published in revised editions of 1849, and by the third section of which statute it is declared as decided in Fisher *a*. Bidewell. This removes the difficulty I had at the circuit.

In short, if the case is to be decided by the laws of Connecticut, the direction at the circuit was entirely correct. The plaintiff was entitled to recover the actual amount loaned, and the interest upon it by way of damages, after the note became due, the contract touching interest only being void.

The point most insisted upon by the defendant's counsel is that the law of this State is to govern the decision of the case; that as the note was payable here, effect only is to be given to it, according to our law, though it received its first vitality and validity as a note, in the State of Connecticut, under and by virtue of a contract there valid to the extent above indicated.

It cannot be denied that City Savings' Bank *a*. Bidewell (29 *Barb.*, 325) is in point, and sustains the recovery in this

case. There was another question in that case, which, being settled as it was, it became necessary to hold, if the plaintiff was to recover, that although the note was payable in this State and first received its vitality as a note in another State, under a contract valid there, but which by the laws of this State was usurious and void, a recovery could be had in our courts. It is said in the opinion: " If the thing to be done on the face of the contract was contrary to the laws of New York, the rule that the laws of the place of performance must control, might perhaps apply. But in this case the loan was clearly made in Connecticut, and the excessive interest was taken there. If, therefore, no more interest was taken than the law of Connecticut allowed, it surely cannot be illegal to agree to repay it in New York." Citing Pratt *a.* Adams (7 *Paige,* 665). In Pratt *a.* Adams the chancellor held, that a contract for a loan of money at a rate of interest allowed by the law of the State where made, and the money being thus loaned, is valid, though, by the terms of the contract, the money is to be repaid in another State where the rate of interest is less; if the making of such loan in the State where the contract is made is not a mere device of the parties to the agreement to evade the usury laws of the State where the money is to be repaid. (See, for the facts and opinion, 636–9.) The chancellor cites no authority for this position. The decision was made in 1839, and I am not aware that it has been questioned.

Both of these cases are in point in the present case, and I should have given them effect at the circuit, but for the question as above stated. They assume not to be in conflict with the principles and cases to which the counsel for the defendants refers, and I think we should follow them. I have, however, looked into most of the authorities cited, and I think there is no such conflict as is supposed.

It is conceded by the counsel that the general rule as to contracts purely personal, is that the *lex loci contractus* is to govern in ascertaining their validity, nature, obligation, and interpretation. But he claims there is an exception to this rule, and when a place of performance is specified in the contract other than the place where it is made, the law of the latter place is to govern in determining the validity, nature, obligation, and interpretation of the contract. And it is claimed that the present

case comes within this exception. He cites Story's Conflict of Laws, section 280, from which the language of the point is substantially taken. Let us ascertain what is here meant by the author. In section 242, he says: "Generally speaking, the validity of a contract is to be decided by the law of the place where it is made. If valid there, it is by the general law of nations held valid everywhere." And by section 243, the same rule applies to the invalidity of contracts. If void or illegal by the laws where made, they are generally void and illegal everywhere. No nation, however, is bound to recognize or enforce any contracts which are injurious to its own interest, or to that of its subjects. (§ 244.) Many cases are cited.

If a contract is made for the sale of goods in a place where such contracts are valid, and it is a part of the contract that such goods shall be delivered in another place where the sale of such goods is prohibited, the purchaser will not be held liable by the laws of the latter place, because such contract is repugnant to the law and interest of the country which made the prohibition. (§ 252.) This case is a fair illustration of the rule that the contract is to be governed by the law of the place of performance.

It is a familiar principle, that all contracts relating to real estate must be in conformity to the law of the place where the real estate is situated, though the contract should be made in another State, where the same formalities are not required. So, contracts for the sale of personal property in this State must be in accordance with our statute of fraud, though made in another State where the provisions contained in our law may not be law. Mr. Story, in support of the doctrine in section 280, refers to Adams *a.* Pond (13 *Pet.*, 65). In that case the bill was made in New York and was payable at Mobile, and the defence was, that it was given upon a contract made in New York, which by the laws of New York was usurious and void. The action was in Alabama.

It was held that the right to recover depended upon the validity of the contract tested by the laws of New York. If invalid by the *lex loci contractus*, it could not be enforced anywhere; if valid, where made, it would be enforced everywhere, unless forbidden by the laws, or designed to evade them, of the place where the contract is sought to be enforced. See Chief-

Justice Taney's opinion, 78. He cites De Wolf *a.* Johnson (10 *Wheat.*, 383), where it was held that the *lex loci contractus* must govern in a question of usury, though, by the terms of the agreement, the debt was to be secured by a mortgage on real estate in another State.* (And see 2 *Kent's Com.*, 459 *et seq.*, and notes.) It may be remarked in the case we are considering, there is nothing in the note about interest. The promise is to pay a certain sum one year after date at a place in this State. The promise is to do an act in this State which is entirely legal, and not against the policy of our law, viz., to pay a debt, if there was a debt, and whether there was a debt or not depended upon the agreement made in Connecticut. If the agreement was valid there, then there was a debt to be paid. And the parties could stipulate for the payment of the money in this State, though the contract out of which the liability to pay at all would have been valid by our law if made here.

The plaintiff should have judgment upon the verdict.

## BUTTS *a.* DICKINSON.

*Supreme Court, Seventh District; General Term, September,*
1860.

SUPPLEMENTARY PROCEEDINGS.—JUSTICE'S JUDGMENT.

Supplementary proceedings cannot be instituted on a judgment recovered in a justice's court for less than twenty-five dollars, although a transcript of that judgment has been filed, and execution issued and returned unsatisfied. Section 292 of the Code requires that execution against "property" of the judgment-debtor be returned, and section 464 defines property to mean real and personal property. An execution on a justice's judgment, for less than twenty-five dollars, is no lien on real property, and goes against personal property only; and hence the return of an execution on such a judgment cannot be the basis of supplementary proceedings.

History of the amendments of the Code affecting this question, stated.

---

* Consult, also, Chapman *a.* Robertson, 6 *Paige*, 627 ; Curtis *a.* Leavitt, 15 *N. Y.* (1 *Smith*), 9, 28 ; see, also, Pomeroy *a.* Ainsworth, 22 *Barb.*, 118 ; Ballard *a.* Webster, 9 *Ante*, 404.